IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01121-GPG

DARRELL PHILLIPS,

    Plaintiff,

v.

INSTITUTION USP FLORENCE,
WARDEN COZZA-RHODES,
ASSISTANT WARDEN KLEIN,
CAPTAIN ERWIN, and
OFFICER WORKING EA,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Darrell Phillips, is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado. Mr. Phillips filed an original Prisoner Complaint (ECF No. 7) asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

    On July 23, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the allegations failed to allege the personal participation of the named Defendants in a deprivation of Plaintiff's constitutional rights. Magistrate Judge Gordon directed Plaintiff to file an amended complaint within thirty days of the July 23 Order. On August 13, 2015, Mr. Phillips filed an Amended Prisoner Complaint (ECF No. 10).

Mr. Phillips has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr. Phillips' claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Amended Complaint liberally because Mr. Phillips is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss this action, in part, and draw the remainder to a presiding judge and, if appropriate, to a magistrate judge.

Mr. Phillips alleges in the Amended Complaint that Defendants violated his Eighth Amendment prisoner rights by failing to protect him from an assault by other inmates.  In support of his claims, Mr. Phillips alleges that on the morning of May 20, 2015, Defendant Officer Working EA permitted seven inmates from another housing unit to enter housing unit EA without passing through the metal detector, enter Mr. Phillips' cell, and "did nothing to stop" the inmates from assaulting Mr. Phillips and his cell mate. (ECF No. 10 at 4).  He further alleges that Defendants Assistant Warden Klein and Captain Erwin as well as "several other staff" were watching the camera monitors and did not take any action after they witnessed the seven inmates wrongfully enter Mr.

Phillips' cell. (*Id.* at 6, 8). Finally, Mr. Phillips asserts that Defendants "refused to inforce [sic] the rules and procedures" and that "prison officials are expected to know the constitutional rights of prisoners." (*Id.* at 8-9).

"[P]rison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotations omitted); *see also Berry v. City of Muskogee, Okl.,* 900 F.2d 1489 (10th Cir. 1990) (prisoner entitled to reasonable protection against assault by another inmate). Moreover, a prison official must know of and disregard an excessive risk to an inmate's health and safety. *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). Finally, the prison official must be deliberately indifferent to an inmate's safety; negligent failure to protect an inmate from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer,* 511 U.S. at 834-35. Plaintiff's allegations are liberally construed as attempting to state an Eighth Amendment deliberate indifference claim against Defendants.

Mr. Phillips, however, does not allege specific facts to show that Defendants Institution USP Florence and Warden Cozza-Rhodes personally participated in the alleged Eighth Amendment violation. Mr. Phillips was warned in the July 23 Order that personal participation is an essential allegation in a civil rights action. *See Henry v. Storey,* 658 F.3d 1235, 1241 (10th Cir. 2011). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link

exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

      Mr. Phillips cannot maintain his claims against Defendants Institution USP Florence and Warden Cozza-Rhodes, solely on the basis that Defendants "refused to inforce [sic] the rules and procedures" and that "prison officials are expected to know the constitutional rights of prisoners."  Mr. Phillips does not allege facts to show that Defendants Institution USP Florence and Warden Cozza-Rhodes were involved directly in the alleged Eighth Amendment violation by acting with deliberate indifference to a serious risk of harm to Plaintiff's safety.  *See Farmer*, 511 U.S. at 834.  Moreover, Plaintiff's vague and conclusory assertions are insufficient to state an arguable claim for relief.  *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (vague and conclusory allegations are not actionable under § 1983); *Hall*, 935 F.2d at 1110 (vague and conclusory allegations need not be accepted by the court).  Because Plaintiff does not allege specific factual allegations against Defendants Institution USP Florence and Warden Cozza-Rhodes in any of his claims for relief, these two Defendants will be dismissed.

      After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Phillips' Eighth Amendment claims against Defendants Assistant Warden Klein, Captain Erwin, and Officer Working EA do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to

a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Plaintiff's claims against Defendants Institution USP Florence and Warden Cozza-Rhodes are DISMISSED as legally frivolous and Defendants Institution USP Florence and Warden Cozza-Rhodes are DISMISSED as parties from this action.  It is

FURTHER ORDERED that Plaintiff's claims against Defendants Assistant Warden Klein, Captain Erwin, and Officer Working EA shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  20th  day of     August      , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court